UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUSTIN QUINN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VICTORIA NYC 1 INC., d/b/a Rx2Go, RX2GO MA INC., ERKIN SATTAROV, and DONIYOR SATTAROV, individually,<br><br>    Defendants. | DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION SUFFOLK SUPERIOR COURT TO FEDERAL COURT<br>C.A. NO.: 2484CV00353 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, Victoria NYC 1 Inc. d/b/a Rx2Go, Rx2Go MA Inc., Erkin Sattarov, and Doniyor Sattarov ("Defendants"), hereby remove the above-entitled action to this Court on the following grounds:

On or about February 6, 2024, the plaintiff, Justin Quinn ("Plaintiff"), commenced a civil action in Suffolk County, Massachusetts, Superior Court, C.A. 2484CV00353 against the Defendants in which the Plaintiff claims that he is entitled to damages pursuant to theories of the Massachusetts Wage Act ("Act"), G.L. c. 149 § 148, 148A, and 148B. The Complaint includes allegations as to G.L. c. 149 § 150, but it does not have a specific claim relative to this Section 150. The allegations and claims are directed to all Defendants. The Complaint asserts two class

action claims under G.L. c. 149 § 148 and 148B. In addition, the Complaint seeks treble damages under the Act, as well as attorneys' fees and costs.

### I. This Action can be Properly Removed Because the District Court has <u>Original</u> Jurisdiction over the Plaintiff's Claims.

1. This Court has original jurisdiction over the claims in the Plaintiff's lawsuit under 28 U.S.C. §§ 2201 and 1332.

2. Under 28 U.S.C. § 1332(d), this Court has jurisdiction over class action lawsuits where there is an out of state defendants and the alleged damages exceed 5 million dollars.

### II. This Action can be Properly Removed Because the District Court has Federal <u>Diversity</u> Jurisdiction over the Plaintiff's Claims Should the Class not get Certified.

3. In relevant part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). In addition, should the class fail to get certified, there is diversity jurisdiction under 28 U.S.C. § 1332 (a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States…"

### III. The Amount in Controversy Exceeds $5,000,000 as a Class, and $75,000, Individually.

4. The Plaintiff's Complaint alleges that he suffered damages exceeding $50,000, without stating the precise amount of damages claimed. **Exhibit A**; Civil Action Coversheet. **Exhibit B**; Complaint. The Complaint can be inferred to read that each putative plaintiff suffered damages in excess of $50,000. **Exhibit B**; Generally. Further, the Complaint alleges that the class

has a vast number of plaintiffs and seeks to avoid joinder of them all and mentions that over thirty (30) plaintiffs should be joined. **Exhibit B** ¶ 54. In fact, over three hundred and twenty (320) people have performed services for both company defendants. The damages alleged for the class, therefore, exceed $16,000,000, prior to consideration of treble damages or attorneys' fees and costs.

5. Furthermore, the Plaintiff's Complaint states that he expects to recover damages exceeding $50,000, which should be read as damages to him individually and prior to consideration of treble damages, attorneys' fees and costs. The alleged individual damages, therefore, exceeds $150,000 in damages when trebled, plus an estimated $100,000 in legal fees and costs, bringing the total of the individual claim into the vicinity of $250,000 when considering the Plaintiff's allegations and claims asserted in the Complaint. **Exhibit B**; Complaint at ¶¶ 6, 66, 73, 77, 82, as well as Prayer for Relief ¶¶ 3, 4, 5, and 6.

6. The Plaintiff also claims a trebling of his damages under G.L. c. 149 § 148, plus attorneys' fees and costs. The alleged individual damages, therefore, exceed $150,000 in damages when trebled, plus an estimated $100,000 in legal fees and costs, bringing the total of the individual claim into the vicinity of $250,000 when considering the Plaintiff's allegations and claims asserted in the Complaint. **Exhibit B**; Complaint at ¶¶ 6, 66, 73, 77, 82, as well as Prayer for Relief ¶¶ 3, 4, 5, and 6.

7. In light of the amount of damages alleged in the Complaint, and not inclusive of other unspecified damages claimed by the Plaintiff, which are numerous, the requirement for federal diversity jurisdiction that the $75,000 amount in controversy, pursuant to 28 U.S.C. §1332(a), is satisfied in the event the class is not certified.

**IV.    The Requisite Diversity in Citizenship under U.S. C. § 1332 is Satisfied.**

8.  The eighth paragraph of the Plaintiff's lawsuit states that he is a resident of Groton, Massachusetts.

9.  The tenth paragraph of the Plaintiff's lawsuit correctly states that Victoria NYC 1 Inc. is a foreign company located in Brooklyn, New York.

10. The eleventh paragraph of the Plaintiff's lawsuit states that Rx2Go MA Inc. is a Massachusetts company.

11. The Plaintiff's lawsuit failed to identify the residency for Erkin Sattarov and Doniyor Sattarov. However, the returns of service on file demonstrate that they are residents of New York.

12. Where three of the four defendants reside in another jurisdiction, partial diversity is met under 28 U.S.C. §§ 1332(d).

13. Where the Plaintiff resides in Massachusetts and three defendants all are located in New York, the requisite diversity of citizenship under U.S.C. § 1332(a) is satisfied in the event the class is not certified.

**V.    The Defendants have Satisfied the Procedural and Venue Requirements for Removal.**

14. Certain Defendants received service of the Plaintiff's lawsuit over several dates of service, and the parties entered into a Stipulation for Acceptance of Service. **Exhibit C**; Stipulation. (All defendants join with this removal.)

15. Defendants through their counsel obtained a universal extension to respond to the Plaintiff's lawsuit, with a respond date of June 5, 2024. **Exhibit C**.

16. This Notice of Removal is filed within the time frame for responding to the underlying lawsuit, and, therefore, it is timely under the parameters set by 28 U.S.C. §1446(b).

17. The Suffolk County Superior Court is located within the geographical area of the United States District Court for the District of Massachusetts. Venue for this action is proper in this Court under 28 U.S.C. §1441(a) because this Court is the "district and division embracing the place where such action is pending."

18. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon such defendant or defendants in such action are attached hereto as **Exhibits D.** No further proceedings have been had therein.

19. Defendants will file a Notice of Removal with the Clerk, Suffolk Superior Court, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of filing of Removal of Civil Action to Federal Court is attached hereto as **Exhibit E**.

20. Defendant will serve written Notice to Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal, on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to Counsel of Removal of Civil Action to Federal Court is Attached hereto as **Exhibit F**.

21. Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

15. By virtue of this Notice of Removal of Action and Notice filed in the underlying action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions, including Rule 12 motions and/or motions to compel arbitration, permitted by the Federal Rules of Civil Procedure.

WHEREFORE, the defendant, Rx2Go MA Inc., along with all other defendants, hereby remove this action from the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,

VICTORIA NYC 1 INC., RX2GO MA INC., ERKIN SATTAROV, AND DONIYOR SATTAROV

By Their Attorneys,

*/s/ John W. Dennehy*

John W. Dennehy, P.C., BBO No. 658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
Dated: June 5, 2024                Telephone: (603) 943-7633
jdennehy@johnwdennehy.com

## CERTIFICATE OF SERVICE

This shall acknowledge that I, John W. Dennehy, hereby caused to serve, on June 5, 2024, via ECF to all registered users, and via email, copies of this pleading upon all counsel of record as follows:

Brant Casavant, BBO #672614
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel. (617) 231-6777
brant@fairworklaw.com

*/s/ John W. Dennehy*

John W. Dennehy