UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN QUINN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORIA NYC 1 INC., d/b/a Rx2Go, RX2GO MA INC., ERKIN SATTAROV, and DONIYOR SATTAROV, individually,<br><br>Defendants. | C.A. NO.: 1:24-CV-11472-MJJ |

**ANSWER, AFFIRAMTIVE DEFENSES, AND JURY CLAIM**

NOW COME the defendants, Victoria NYC 1 INC., Rx2Go MA INC., Erkin Sattarov, and Doniyor Sattarov (collectively "Defendants"), by and through counsel, DENNEHY LAW, and submit this Answer, Affirmative Defenses, and Jury Claim, paragraph by paragraph, as follows:

## I. Introduction

1. Admitted that Justin Quinn ("Plaintiff") worked for Rx2Go MA Inc. The remainder of the allegations in this paragraph are denied.

2. The allegations contained in this paragraph are denied. As to characterizations of the Plaintiff's contentions, the contentions are denied.

3. Denied.

4. This paragraph is merely a summary of legal procedure and does not assert any allegations requiring a response. To the extent that an allegations can be inferred from this paragraph, they are denied.

5. This paragraph is merely a summary of legal procedure and does not assert any allegations requiring a response. To the extent that an allegations can be inferred from this paragraph, they are denied.

## II. Jurisdiction and Venue

6. Denied.

7. Denied.

## III. The Parties

8. Admitted.

9. This paragraph is merely a summary of legal procedure and does not assert any allegations requiring a response. To the extent that an allegations can be inferred from this paragraph, they are denied. In further answering, the Defendants deny the Plaintiff has grounds to represent a class.

10. Admitted. In further answering, the defendants deny that this paragraph correctly characterizes the manner in which doing business as status is handled by the Defendants.

11. Admitted that Rx2Go is a Massachusetts corporation, but the Defendants deny the remaining allegations in this paragraph.

12. Admitted.

13. Admitted.

## IV. Statement of Facts

14. Denied.

15. Denied. This paragraph mischaracterizes the Defendants' services. The Defendants transact business with customers.

16. Denied. This paragraph mischaracterizes the Defendants' services. The Defendants transact business with customers.

17. Denied. Independent contractors utilize their own vehicles and equipment.

18. Denied. The Plaintiff was retained as an independent contractor.

19. Denied. The Plaintiff could have used a personal vehicle or business vehicle relative to any business, sole proprietorship, or partnership in which he might have an interest.

20. Denied. The couriers are independent contractors and paid for their work, and in turn set their own business expenses.

21. Denied. The Plaintiff could have used a personal vehicle or business vehicle relative to any business, sole proprietorship, or partnership in which he might have an interest.

22. Denied. This paragraph mischaracterizes the nature of the business relationship by inferring couriers are employees when they are in fact independent contractors.

23. Denied. This paragraph mischaracterizes the nature of the business relationship by inferring couriers are employees when they are in fact independent contractors. The independent contractors sign an independent contractor agreement.

24. Admitted.

25. Denied. The Defendants merely hire independent contractors.

26. Denied. The Defendants merely hire independent contractors.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied. This paragraph mischaracterizes the role of the couriers, who were at all times independent contractors. Documentation of payments to couriers as independent contractors was provided to them.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## V. Administrative Filing

52. Denied that the Plaintiff has properly complied with all administrative requirements prior to filing this lawsuit.

## VI. Class Allegations

53. This is a paragraph summarizing legal procedure and does not require a response. To the extent that any allegations can be inferred from this paragraph, the allegations are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT I
## Independent Contractor Misclassification
## M.G.L. c. 149, § 148B
## (Class Claim)

62. This is a paragraph of incorporation and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

63. This paragraph merely attempts to recite a statue and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

64. Denied.

65. Denied.

66. Denied.

**COUNT II**
**Failure to Pay Wages**
**M.G.L. c. 149, § 148**
**(Class Claim)**

67. This is a paragraph of incorporation and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

68. This paragraph merely attempts to recite a statue and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

69. This paragraph merely attempts to recite a statue and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

70. This paragraph merely attempts to recite a statue and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

71. Denied.

72. Denied.

73. Denied.

**COUNT III**
**Retaliation**
**M.G.L. c. 149, § 148A**
**(Quinn Only)**

74. This is a paragraph of incorporation and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

75. This paragraph merely attempts to recite a statue and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

76. Denied.

77. Denied.

**COUNT IV**
**Failure to Pay Timely Wages**
**M.G.L. c. 149, § 148**
**(Quinn Only)**

78. This is a paragraph of incorporation and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

79. This paragraph merely attempts to recite a statue and does not require a response. To the extent that any allegations can be inferred from this paragraph, they are denied.

80. Denied.

81. Denied.

82. Denied.

## VII. Prayer for Relief

These paragraphs seek relief from the court and do not assert factual allegations. To the extent that any allegations can be inferred from this paragraph, those allegations are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon with relief can be granted.
2. The Complaint fails for lack of service of process.
3. The Complaint fails due to accord and satisfaction.
4. The Complaint fails due to limitations periods expiring.
5. The Complaint fails due to an arbitration / mediation provision.
6. The Complaint fails due to the Economic Loss Doctrine.
7. The Complaint fails due to the conduct of the Plaintiff.
8. The Complaint fails due to equitable estoppel.
9. The Complaint fails due to recoupment.

10. The Complaint fails due to set off and/or the Plaintiff's damages are reduced due to set off.

11. The Complaint fails due to the fraud and/or illegality of the Plaintiff.

12. The Complaint fails due to laches.

13. The Complaint fails due to waiver.

14. The Complaint fails due to unclean hands.

15. The Complaint fails due to the Plaintiff's failure to mitigate damages.

16. The Complaint fails because punitive damages, attorneys' fees and costs are not permissible.

17. The Complaint fails for lack of standing.

18. The Complaint fails due to it being contrary to public policy.

19. The Complaint fails due to lack of substantive and/or personal jurisdiction.

20. The Complaint fails for lack of privity of contract.

21. The Complaint fails due to spoliation of evidence.

22. The Complaint fails due to force majeure.

23. The Complaint fails due to the Plaintiff's failure to adhere to terms of the Contract.

24. The Defendants reserve the right to modify and/or amend this list of Affirmative Defenses as justice may require.

## **JURY DEMAND**

The Defendants hereby demand a trial by jury on all claims and/or issues triable.

Respectfully submitted,

VICTORIA NYC 1 INC., RX2GO MA INC., ERKIN SATTAROV, AND DONIYOR SATTAROV

By Their Attorneys,

*/s/ John W. Dennehy*

______________________________

John W. Dennehy, P.C., BBO No. 658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
Telephone: (603) 943-7633
jdennehy@johnwdennehy.com

Dated: June 12, 2024

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, on June 12, 2024 counsel for the Defendants (John W. Dennehy) conferred via email with counsel for the Plaintiff (Brant Casavant), and counsel for the Plaintiff assented to the relief sought in this motion.

*/s/ John W. Dennehy*
John W. Dennehy

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 12th day of June, 2024.

*/s/ John W. Dennehy*
John W. Dennehy