**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN QUINN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORIA NYC 1 INC., d/b/a Rx2Go, RX2GO MA INC., ERKIN SATTAROV, and DONIYOR SATTAROV, individually,<br><br>Defendants. | Case No. 1:24-cv-11472 |

**RULE 26(f) INITIAL SCHEDULING REPORT**

The above-captioned parties submit this initial scheduling report containing a proposed case schedule pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1. Counsel for the parties conferred on July 5, 2024, to prepare this report, in anticipation of the scheduling conference set by the Court for July 23, 2024.

**1. STATEMENT OF THE CASE.**

*Plaintiff's Statement.* Plaintiff brings this action asserting class claims under the Massachusetts independent contractor statute, M.G.L. c. 149, § 148B, and the Massachusetts Wage Act, M.G.L. c. 149, § 148, and an individual claim for retaliation under M.G.L. c. 149, § 148A. Plaintiff alleges that Defendants misclassified him and numerous other individuals in Massachusetts who performed services as "medical couriers" as independent contractors and that, as a result of that misclassification, failed to pay them all wages and compensation to which they were statutorily entitled. Plaintiff further alleges that Defendants terminated their relationship with Plaintiff in retaliation for Plaintiff asserting his wage rights under

Massachusetts' law, that is, by challenging his status as an independent contractor and Defendants' failure to pay him appropriately.

*Defendants' Statement.* Defendants deny the allegations of misclassification. All drivers signed an agreement and were free from the direction and control of the Defendants in, inter alia, choosing to accept or reject delivery jobs. Plaintiff is not a covered employee under the FLSA or the Massachusetts Wage Act.

**3. PROPOSED DISCOVERY PLAN.**

*Automatic Disclosures.* The parties do not propose any changes to the requirements for automatic disclosures under Fed. R. Civ. P. 26. The parties will exchange automatic disclosures by July 26, 2024.

*Timing and Sequence of Discovery.* The parties propose to have all fact discovery, including service and responses to written discovery requests and all depositions, completed by May 30, 2025. To the extent the Court grants class certification (see section 4, *infra*), the parties propose to complete any additional class discovery (e.g., discovery concerning the identities of class members and class damages) within 120 days after the expiration of any "opt-out" deadline following notice to the certified class members.

*Discovery Limits.* The parties agree to limit their discovery in accordance with the Local Rules, but each reserves the right to agree upon additional discovery or to seek permission from the Court to pursue additional discovery, if necessary.

*Expert Discovery*. The parties do not anticipate requiring expert testimony, and therefore do not believe that expert discovery deadlines are necessary. Should any party later determine that expert discovery is necessary, the parties propose to seek permission from the Court to

modify the scheduling order to permit time to conduct such discovery (after conferring with opposing counsel pursuant to Local Rule 7.1).

*Electronically Stored Information*. The parties have discussed issues surrounding electronically stored information and agree that there is electronically stored information relevant to this case. The parties agree that all documents may be produced in either paper or electronic format, which shall include preservation of any associated metadata, to the extent necessary and within the parameters of Rule 26.

*Privilege Issues.* The parties do not anticipate that discovery in this matter will entail any special issues about claims of privilege or protection of trial-preparation materials. To the extent such issues arise during the course of the litigation, the parties intend to confer in hopes of resolving any such issues before bringing them to the Court's attention. The parties have agreed to enter into a Rule 502(d) order and will submit same under separate cover.

**4. SCHEDULE FOR MOTIONS.**

*Class Certification*. Plaintiff intends to seek class certification under Fed. R. Civ. P. 23 following an appropriate period of fact discovery in order to assemble the record evidence needed to support such a motion. With the Court's permission, the parties agree that Defendants shall have 28 days to respond to any motion for class certification filed by Plaintiff, and that Plaintiff shall have 14 days to file any reply. The parties propose that any sur-replies be filed only after seeking permission from the Court.

*Summary Judgment*. The parties propose to file any dispositive motions under Fed. R. Civ. P. 56 by June 30, 2025, with oppositions to those motions due 28 days thereafter and any replies due within 14 days after the filing of the oppositions. The parties propose that any sur-replies be filed only after seeking permission from the Court.

**5. CONSENT TO MAGISTRATE.**

No.

**6. SETTLEMENT PROPOSAL.**

Plaintiff served Defendants' counsel with a settlement demand consistent with the requirements of Local Rule 16.1(c) on March 8, 2024. Defendants responded with an offer on March 27, 2024.

**7. RULE 16.1 CERTIFICATIONS.**

Plaintiff filed his Local Rule 16.1(d)(3) certification on July 3, 2024. Defendants will file their Local Rule 16.1(d)(3) before the scheduling conference.

Respectfully submitted,

JUSTIN QUINN, individually and on behalf of all others similarly situated,

/s/ Brant Casavant

Brant Casavant, BBO #672614
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel. (617) 231-6777
Fax. (617) 488-2261
brant@fairworklaw.com

Dated: July 12, 2024.

VICTORIA NYC 1 INC., d/b/a Rx2Go, RX2GO MA INC., ERKIN SATTAROV, and DONIYOR SATTAROV, individually,

/s/ John W. Dennehy

John W. Dennehy, BBO #658247
DENNEHY LAW
127 Main Street, Suite 1
Nashua, NH 03060
Telephone: (603) 943-7633
jdennehy@johnwdennehy.com

Dated: July 12, 2024.