UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN QUINN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORIA NYC 1 INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 24-11472-BEM |

## MEMORANDUM AND ORDER

**MURPHY, J.**                                                                                              February 14, 2025

For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction in the above-captioned matter. Accordingly, this case is REMANDED to the Massachusetts Superior Court, Suffolk County.

### I. RELEVANT BACKGROUND

Plaintiff Justin Quinn filed this case on February 6, 2024, in Massachusetts Superior Court, Suffolk County, alleging violations of Massachusetts employment law on behalf of himself as an individual and as representative of a proposed class of prescription drug couriers. *See generally* Dkt. 1, Ex. B ("Complaint"). Defendants consist of Massachusetts-based Rx2Go MA Inc. ("Rx2Go MA"), New-York-based Victoria NYC 1 Inc. ("Rx2GO"), and the CEO of each. *See* Complaint ¶ 1; Dkt. 24 at 2, Exs. A, B.

On June 5, 2024, Defendants removed the case to federal court. Dkt. 1. In their Notice, Defendants primarily base removal on the federal courts' jurisdiction over certain class actions under 28 U.S.C. § 1332(d) (the Class Action Fairness Act of 2005, or "CAFA"). *Id.* at 2. In the alternative, Defendants assert diversity jurisdiction over claims made by Plaintiff as an individual

under 28 U.S.C. § 1332(a).  *Id.*  Defendants also state that the Court has jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act).  *Id.*

At the parties' Rule 16 Scheduling Conference, the Court raised the issue of subject matter jurisdiction, Dkt. 16, and the parties briefed the issue, Dkts. 24–26.

## II.     JURISDICTION

"Federal courts are courts of limited jurisdiction," *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 (1st Cir. 2004), and thus are "expected to monitor their jurisdictional boundaries vigilantly," *id.* at 139.  "The existence of subject-matter jurisdiction is never presumed.  Rather, federal courts . . . must satisfy themselves that subject-matter jurisdiction has been established."  *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (internal citations omitted).  "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."  *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009).  Defendants removing under CAFA must show to a "reasonable probability" that jurisdictional requirements are met, *id.* at 49, and may meet that burden by reference to the pleadings or by other submissions, *id.* at 49 n.3.

Defendants have failed to carry their burden.  The Court considers below Defendants' three stated bases for removal.

### a.    **28 U.S.C. § 1332(a)**

This Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a), which requires "complete diversity between the plaintiffs and defendants in an action." *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008).  In their Notice of Removal, Defendants claim only "partial diversity" based on "three of the four defendants['] resid[ing] in another jurisdiction." Dkt. 1 at 4.  This is insufficient.   Defendant Rx2Go MA is incorporated, and therefore domiciled, in

Massachusetts. Dkt. 24 at 2; 28 U.S.C. § 1332(c)(1). Plaintiff states, and Defendants present no evidence to dispute, that he is a citizen of Massachusetts. Dkt. 25, Ex. 1. Accordingly, diversity is incomplete, and the Court lacks jurisdiction on that basis.

### b. **28 U.S.C. § 1332(d)**

In some cases, CAFA confers federal jurisdiction over class actions where it might otherwise be lacking, for example, because of incomplete diversity. However, that is not the case here. CAFA requires, among other conditions, that "the number of members of all proposed plaintiff classes" be one hundred or greater. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff's proposed class consists of:

> All individuals who have performed prescription pharmaceutical delivery services as purported "independent contractors" for Rx2Go *in Massachusetts* during the statutory period applicable to this action.

Complaint ¶ 4 (emphasis added). Defendants state that there are "approximately eighteen (18) Independent Contractors *in Massachusetts*, who render services relative to delivery of prescription medications." Dkt. 24 at 2 (emphasis added). Eighteen is fewer than one hundred; therefore, jurisdiction fails.

Defendants seek to avoid this result by construing Plaintiff's allegations as implicating approximately 300 additional individuals designated independent contractors and performing services in *New York*, rather than in Massachusetts. Dkt. 26 at 1–2. Defendants base this assertion on Plaintiff's naming New-York-based Rx2Go, in addition to Massachusetts-based Rx2Go MA, as a defendant in the lawsuit and on a statement in Plaintiff's Complaint that class members "may live in Massachusetts and other nearby states," Complaint ¶ 54. Dkt. 26 at 1–2.

These attempts do not overcome the plain meaning of the Complaint, which clearly proposes a class of "individuals who have performed . . . services . . . in Massachusetts," not New York. Complaint ¶ 4. New-York-based Rx2Go's inclusion in the lawsuit—and Defendants'

arguments thereupon—do not make it "reasonably probable," *Amoche*, 556 F.3d at 49, that Plaintiff's proposed class, correctly understood, encompasses New York couriers. Indeed, Plaintiff provides an entirely reasonable explanation, other than adding more plaintiffs, for including Rx2Go in the lawsuit.[1] Even without this clarification, however, Defendants' showing would not overcome the even simpler explanation that Plaintiff might have just pled the wrong party.[2] Likewise, and contrary to Defendants' claims, Plaintiff's statement that proposed class members "may live in . . . other nearby states," Complaint ¶ 54, is consistent with his proposed class definition—individuals may "perform[] . . . services . . . in Massachusetts," *id.* ¶ 4, but live elsewhere.

Defendants fail to establish that this case meets the member-number requirement under 28 U.S.C. § 1332(d)(5)(B). Therefore, the Court finds that it lacks jurisdiction on that basis.[3]

### c. 28 U.S.C. § 2201

Finally, Defendants assert that the Court has jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act). Dkt. 1 at 2. Plaintiff has not asserted a claim under 28 U.S.C. § 2201. Complaint ¶¶ 62–82. "Federal subject-matter jurisdiction cannot be premised on claims that were never made part of the case." *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 16 (1st Cir. 2019). Even if he had, the Declaratory Judgment Act provides no independent basis for federal

---

[1] Plaintiff states that Rx2Go is identified in his contract and that "RX2Go MA [] appears to operate as a subsidiary of [Rx2Go]." Dkt. 25 at 3 n.1.

[2] Defendants argue that "[i]f the Plaintiff wants this matter remanded, he must dismiss [Rx2Go] with prejudice." Dkt. 26 at 2 n.2. For the reasons stated herein, this Court lacks jurisdiction to weigh in on that debate. Likewise, any consequence of Plaintiff's allegations or statements in this proceeding will be a matter for the state court to determine. *Amoche*, 556 F.3d at 49 n.2.

[3] Since there are fewer than one hundred proposed class members, the Court acquires no jurisdiction under 28 U.S.C. § 1332(d)(5)(B) and therefore need not reach the issue, also briefed by the parties, of whether it would theoretically have been required to decline jurisdiction under 28 U.S.C. § 1332(d)(4).

jurisdiction. *Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*, 522 F.3d 1, 5 (1st Cir. 2008).

### III.   CONCLUSION

Defendants put forth no viable basis for removal. Accordingly, the Court finds that it lacks jurisdiction. This case is REMANDED to the Massachusetts Superior Court, Suffolk County.

IT IS SO ORDERED.

*/s/ Brian E. Murphy*
United States District Judge